MICAJAH LUSK v. RICHARD SWAYZE, Admr., &c.

EXECUTOR AND ADMINISTRATOR: DISTRIBUTION BY AGREEMENT OF THE HEIRS.
—A delivery by the administrator, to one of the distributees, of a personal
chattel, under an agreement that he should retain possession during his life,
and afterwards it should go to the other distributees, who all acquiesced in
the agreement, is a complete act of administration : and upon the death of the
tenant for life, the right of possession vests immediately in the other distri-
butees, and not in the administrator.

ERROR to the Circuit Court of Wilkinson county. Hon. Stan-
hope Posey, judge.

In 1814 David Swayze died, after having made and published
his last will and testament, which was duly admitted to probate.
By his will he directed that his widow should have a life estate in
his property, and he further directed that it should be kept to-
gether until his youngest child became of age. The widow and
one of his sons administered on the estate. In 1822, the negro
Stephen, in controversy, was born of a woman belonging to the
estate, and his mother dying soon after his birth, Mrs. Swayze (the
administratrix), gave the child to her daughter, Lucretia (after-
wards Mrs. Lusk), during her life, upon the condition that she
would raise him. It was also agreed, that the slave Stephen, after
the death of Mrs. Lusk, should go to the other distributees of
David Swayze; this agreement was acquiesced in by all the distri-
butees. In 1834, a final settlement was made of David Swayze's
estate, and the administrators discharged. In 1856 Mrs. Lusk died,
and the defendant took out letters of administration *de bonis non*,
on his estate, and brought this action against Lusk, the surviving
husband, to recover the slave Stephen.

The court below refused to instruct the jury that the above facts
constituted a complete act of administration of the slave, and they
found a verdict for the plaintiff. The defendant moved for a new
trial, which being refused, he excepted, and sued out this writ of
error.

*J. Winchester*, for plaintiff in error,

Contended, that the proof shows that the slave in controversy, had 'been duly distributed, and that no title remained in the administrator of David Swayze, and that, if the title was not in the defendant, it was in the distributees of · said Swayze.  He cited and relied on *Kilcrease* v. *Shelby*, 1 Cushm. 166 ; *Henderson* v. *Clark*, 5 Ib. 444 ; *Andrews* v. *Brumfield*, 32 Miss. R. 112.

*C. S. Kellogg* and *D. W. Hurst*, for defendant in error.

FISHER, J., delivered the opinion of the court.

The plaintiff below, as administrator *de bonis non* of the estate of David Swayze, deceased, brought this action in the Circuit Court of Wilkinson county, to recover a slave in the possession of the defendant.   The jury having found a verdict for the plaintiff, the defendant moved for a new trial, which being refused by the court, a bill of exceptions was taken, embodying the evidence introduced on the trial.

The facts, established by the evidence, may be regarded in few words, as follows :  David Swayze died in 1814.  His widow administered on his estate, and, about the year 1824, delivered the slave in controversy to her daughter, afterwards wife of the defendant below.   The slave was part of the estate of David Swayze, and the understanding was that Mrs. Lusk was to have the slave during her life, when at her death he was to return to the distributees of said estate, the distributees agreeing to this disposition of the slave.   Mrs. Lusk having died, this action was brought by the administrator *de bonis non*, as above stated.   The facts show a complete act of administration, by the first administrator, and this being the case, the administrator *de bonis non* has no title upon which he can maintain this action.   Mrs. Lusk, under the terms of the contract, for it may be so regarded, took an estate for life, which being ended, the slave reverted to the distributees, who were parties to the contract.

Under this view, the verdict not being sustained by the evidence, the court below erred in refusing the new trial.

Judgment reversed, new trial granted, and cause remanded.